BLD-230                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2542
_____

IN RE:  ROBERT B. BURKE,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 92-cr-00268)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 24, 2010

Before: RENDELL, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 5, 2010 )
_____

OPINION
_____

PER CURIAM

Robert Burke, a federal prisoner proceeding *pro se*, seeks a writ of mandamus

compelling Judge William H. Yohn, Jr., to recuse himself from any future proceedings.

For the reasons that follow, we will deny the petition.

In 1993, Burke was convicted of, *inter alia*, murdering a federal witness.  He

challenged his conviction through a direct appeal, a motion under 28 U.S.C. § 2255 and

subsequent appeal, and several other actions in this Court and the District Court, all of

which were unsuccessful. Recently, Burke filed in the District Court a motion under 28 U.S.C. §§ 455(a) and (b), seeking Judge Yohn's recusal from any matter in which Burke will be a party. The District Court denied the motion, reasoning that despite his allegations of bias, Burke failed to demonstrate any actions, other than adverse rulings, to support his claim. The District Court also noted that the motion was untimely, as it was filed more than a year after this Court dismissed Burke's appeal of the denial of his § 2255 motion, and that his motion was moot, as he has no proceedings pending in the District Court. Burke then filed a petition for writ of mandamus.

In his mandamus petition, Burke repeats his claim that Judge Yohn is biased against him and should be compelled to recuse himself from any future proceedings in which Burke will be a party. He also appears to challenge the denial of his recusal motion, as well as the denial of various other motions related to the denial of his § 2255 motion.

As a general rule, a mandamus petition will not be granted unless it is necessary "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). Typically, mandamus is not available if there are other remedies, such as appeal. See Helstoski v. Meanor, 442 U.S. 500, 505-08 (1979). As the rulings concerning Burke's § 2255 motion could have been challenged on appeal, mandamus is not an appropriate avenue for relief.

Mandamus may, however, be used to challenge a district judge's denial of a recusal motion pursuant to 28 U.S.C. § 455. See In re: Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). In addressing such a petition, we review the District Court's ruling for abuse of discretion. See id. at 301. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Id. The only basis Burke has provided, both for his motion and his mandamus petition, is a series of rulings which were adverse to him; as Judge Yohn explained in denying the motion, that is insufficient to meet the standard for recusal under § 455. See Liteky v. United States, 510 U.S. 540, 555 (1994). Accordingly, Judge Yohn did not abuse his discretion in denying the motion and we perceive no basis for granting Burke's petition.